

November 19, 2024

101 Park Avenue, 17th Floor
New York, NY 10178
212.878.7900    212.692.0940
WWW.FOXROTHSCHILD.COM

**VIA ECF**

ALEXANDER W. BOGDAN
Direct Dial: 212-878-7941
Email Address: ABogdan@FoxRothschild.com

Honorable Jennifer E. Willis
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, New York 10007

    Re:    *Jones v. Landry's Inc. et al.*, Civil Action No.: 23-cv-09920-GHW-JW
             <u>Letter Motion for Temporary Stay</u>

Dear Judge Willis:

    We represent Defendants Landry's Inc. and Palm Management Corp. (collectively, "Defendants") in the above-referenced matter.[1] Pursuant to Rule I.B of Your Honor's Individual Rules, Defendants respectfully submit this letter-motion to request that discovery be stayed pending the Court's ruling on Defendants' pending Motion to Dismiss Plaintiff's Amended Complaint and/or to Compel Arbitration (the "Motion to Dismiss") (ECF No. 38). Plaintiff Joy V. Jones ("Plaintiff") does not consent to this request.

**I.**    <u>Relevant Procedural Background</u>

    On June 21, 2024, Defendants filed the Motion to Dismiss and it has been fully briefed since August 23, 2024. (ECF Nos. 38, 42, 44.) The Court has scheduled oral argument on the Motion to Dismiss on December 13, 2024, and has scheduled an Initial Case Management Conference to occur following oral argument. In the Motion to Dismiss, Defendants have presented substantial grounds for dismissal of Plaintiff's Amended Complaint in its entirety, or, in the alternative, to compel Plaintiff to arbitrate her claims. Defendants submit that a stay is therefore warranted to avoid potentially unnecessary and burdensome discovery pending the outcome of the Motion.

---

[1] Just One More Restaurant Corp. ("JOMR") has also been named as a defendant in this action. On August 7, 2024, JOMR filed a Suggestion of Bankruptcy. (ECF No. 43.) This letter is not being submitted on behalf of JOMR.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington

164966278.1



Hon. Jennifer E. Willis
November 19, 2024
Page 2

## II.   Good Cause Exists for a Stay of Discovery

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to [Fed. R. Civ. P.] 26(c)." *Al Thani v. Hanke*, 20-cv-4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021). In analyzing good cause, courts in this District generally consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *N.Y. v. Pa. Higher Educ. Assistance Agency*, No. 19-cv-9155, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). *See also, Al Thani*, 2021 WL 23312, at *2 (granting in part motion to stay discovery pending resolution of motion to compel arbitration and recognizing "at least one court has surmised that it is the general practice of district courts to stay discovery pending a decision on a motion to compel arbitration" (citation omitted)). Here, the relevant factors favor a temporary stay of discovery.

### A.   Factor 1: The Motion to Dismiss Presents a Strong Showing that Plaintiff's Claims Are Meritless

A stay of discovery is warranted because Defendants have presented "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit." *Spencer Trask*, 206 F.R.D. at 368. Indeed, the Motion to Dismiss raises numerous challenges to the core legal sufficiency of Plaintiff's claims, not merely technical pleading deficiencies. As discussed in more detail in Defendants' Motion to Dismiss, Plaintiff has failed to allege that her race was the "but for" cause of any actions allegedly taken against her by Defendants, warranting dismissal of her claims under 42 U.S.C. § 1981. Further, the alleged employment agreement that forms the basis of Plaintiff's breach of contract claims, terminated, by its own terms, over five years before Plaintiff alleges Defendants breached its terms, warranting dismissal of her claims. If a valid contract did exist, however, such contract contains a mandatory arbitration provision, and if Plaintiff is allowed to proceed with her claims she must do so in arbitration and not in this Court. Thus, issuing a stay of discovery here would be consistent with the policy of the Federal Rules of Civil Procedure, that a defendant should not be subjected to discovery unless the plaintiff has alleged a viable claim for relief. *See, e.g., Main St. Legal Servs. Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

The Court does not need to predict the outcome of the Motion to Dismiss now to order a stay of discovery. It is sufficient that Defendants have raised "several arguments that 'are well-founded in the law," which are "potentially meritorious," and "could 'significantly narrow' the scope of discovery." *See, e.g., Al Thani*, 2021 WL 23312, at *1 (granting partial stay where it appeared defendants "made several substantial arguments for the dismissal of [the] suit"); *Rivera v. Heyman*, 1996-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where



defendants presented "substantial argument" for dismissal of some, if not all, claims); *Boelter v. Hearst Commc'ns, Inc.*, 15-cv-03934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay where defendant presented non-frivolous arguments that "may warrant dismissal of Plaintiff's entire complaint"). Defendants have done that here.

**B.     Factor 2: A Stay Will Prevent Burdensome and Potentially Unnecessary Discovery.**

Issuing a stay of discovery pending a decision on Defendants' Motion to Dismiss will prevent burdensome and potentially unnecessary discovery here. Requiring discovery during the pendency of a dispositive motion that "may significantly narrow, if not eliminate, the issues remaining in the case . . . would waste the parties' resources and would constitute an undue burden on defendants." *Rivera*, 1997 WL 86394, at *1; *see also Boelter*, 2016 WL 361554, at *5 ("[B]ecause succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant."); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (staying discovery to avoid "significant burden on defendants in the face of a seemingly strong motion to dismiss"). Defendants argue that the Amended Complaint should be dismissed in its entirety, which would obviate the need for any discovery in this action. If the Court were to dismiss some, but not all, of Plaintiff's claims, the scope of discovery that would be relevant to Plaintiff's claims would necessarily be narrowed.

Further, this factor is especially important where, like here, an arbitration provision would require Plaintiff to pursue her claims in arbitration and not in federal court under the Federal Rules of Civil Procedure. As the scope of discovery allowed under the rules of the American Arbitration Association is different than those under the Federal Rules, denying a stay of discovery prior to the Court ruling on Defendants' Motion to Dismiss would require them to engage in discovery that would not otherwise be conducted in the correct forum. *See e.g., Al Thani*, 2021 WL 23312, at *2 ("[arbitration is] governed by substantially different discovery rules than a case in this, or any other, federal court."); *Gabay v. Roadway Movers, Inc.*, 22-cv-06901, 2023 WL 3569351, at *2 (S.D.N.Y. May 19, 2023) ("the rules and procedures in arbitration are intended to be radically different from the rules and procedures in the courts." (citation omitted)). Accordingly, this factor supports granting a stay of discovery here.

**C.     Factor 3: No Unfair Prejudice Would Result From a Stay.**

Here, a stay would be relatively short as Defendants' Motion to Dismiss is fully briefed and oral argument has been scheduled for December 13, 2024. *Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). To the extent Plaintiff may argue that they would be unduly prejudiced by any delay, Plaintiff has not taken any actions to commence discovery despite filing the initial Complaint in this matter over one year ago. Thus, Plaintiff would not be unduly prejudiced by a temporary stay of discovery while Defendants' Motion to Dismiss is pending.



Hon. Jennifer E. Willis
November 19, 2024
Page 4

    For the foregoing reasons, Defendants respectfully request that the Court stay all discovery proceedings, including compliance with the obligations set forth in the Initial Case Management Order, pending the resolution of the Motion to Dismiss.

    We thank you for Your Honor's consideration in this matter.

    Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ *Alexander W. Bogdan*
Alexander W. Bogdan, Esq.
Carolyn D. Richmond, Esq.

cc:    All counsel of record via ECF