UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOY VIDA JONES, ESQ.,

                         Plaintiff,                       **ORDER**

           -against-                    **23-CV-9920 (GHW) (JW)**

LANDRY'S, INC., et al.,

                         Defendants.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

With a motion to dismiss pending before the Court and an oral argument for that motion set to occur on December 13, 2024, Defendants Landry's Inc. and Palm Management Corp (collectively "Defendants") move this Court to temporarily stay discovery pending the determination of their motion to dismiss. Dkt. No. 53. Plaintiff does not consent to the stay. Dkt. No. 54. For the following reasons Defendants motion for a temporary stay of discovery is DENIED.

## LEGAL STANDARD

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under Rule 26(c), a court has considerable discretion to stay discovery. Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); Fed. R. Civ. P. 26(c)(1). The burden of establishing "good cause" falls on the party seeking the order. Republic of Turkey, 316 F. Supp. 3d, at 677. Whether "good cause" was established requires a "particular and specific demonstration of fact, as distinguished

from stereotyped and conclusory statements." Id. (quoting Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006).

## DISCUSSION

Discovery should not be routinely stayed simply because a motion to dismiss has been filed. Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Id. Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request. Republic of Turkey, 316 F. Supp. 3d, at 677.

To support their motion to stay discovery, the Defendants argue that a stay of discovery is justified because their motion to dismiss will likely dismiss all of Plaintiff's claims, it will prevent burdensome and potentially unnecessary discovery, and no unfair prejudice would result from the stay. Dkt. No. 53, at 2-4. Plaintiff makes several arguments in opposition of a stay. First, Plaintiff argues that Defendant's motion is actually a motion to reconsider the Court's October 29, 2024 decision without following the required process for a motion for reconsideration. Dkt. No. 54, at 1. Second, they argue that their case is more likely to survive a motion to dismiss than Defendant contends. Id., at 2. Third, further delay, given Plaintiff's age and health conditions, will likely deny the Plaintiff her ultimate "day in court." Id. Fourth, Defendants have not sufficiently established why the discovery is

"unnecessary" or "burdensome" if some claims were to survive Defendants' motion to dismiss. Id.

For several reasons the Court denies the Defendants' motion to stay discovery. First, Defendants make merely conclusory statements as to why good cause exists. Good cause requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Republic of Turkey, 316 F. Supp. 3d, at 677. Defendants argue that engaging in discovery would be "burdensome" but provide no specifics as to why. Dkt. No. 53, at 3. Second, the October 29, 2024 conference and the Court directed the parties to continue with discovery while the motion to dismiss was pending. The Second Circuit has stated that the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied. Kumaran v. Nat'l Futures Ass'n, No. 1:20-CV-3668-GHW, 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023). A party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it." Bartlett v. Tribeca Lending Corp., No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019). A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue. Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). Defendants have failed to satisfy these requirements.

## CONCLUSION

For the aforementioned reasons, the Defendants motion to stay discovery pursuant to Fed. R. Civ. P. 26(c) is DENIED. The Clerk of Court is respectfully requested to close Dkt. No. 53.

SO ORDERED.

DATED:    New York, New York
          December 9, 2024

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge