USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
JOY VIDA JONES, ESQ.,                                            :
                                                                 :
                                        Plaintiff,               :        1:23-cv-9920-GHW
                                                                 :
                     -v-                                         :        ORDER
                                                                 :
LANDRY'S, INC., *et al.*,                                        :
                                                                 :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On February 8, 2025, the Court received Judge Willis's Report and Recommendation on the pending motion to dismiss. Dkt. No. 62. On February 11, 2025, the Court scheduled a conference for February 13, 2025 to discuss the Report and Recommendation and the parties' potential objections. Dkt. No. 63. The Court reviewed the docket and took note that Defendant Just One More Restaurant Corporation, which has not appeared in this action to date, filed a suggestion of bankruptcy on August 7, 2024. Dkt. No. 43.

> A party filing for bankruptcy operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding].

11 U.S.C. § 362(a). *See also In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022) ("The Bankruptcy Code's automatic stay provisions, set forth in Section 362, protect bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate."). An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard*

*Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp., Inc.*, No. 05-cv-5990 (RCC)(JCF), 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006).

However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts" (internal quotation marks and citations omitted)). "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

In this case, Plaintiff asserts three of her four claims against all the co-defendants, including Just One More Restaurant Corporation, collectively. Dkt. No. 33, First Amended Complaint, ¶¶ 110–125. *See Viahart, LLC v. Creative Kids Online, LLC*, No. 1:20-cv-9943 (GHW), 2024 WL 3761704, at *2 (S.D.N.Y. July 3, 2024) ("Because [d]efendants are jointly and severally liable for the plaintiff's claims, the litigation of claims asserted against the [r]emaining [d]efendants will have an immediate adverse economic consequence for the debtor's estate."). Therefore, the Court expects

2

the parties to attend the February 13, 2025 conference prepared to discuss the effect that Defendant Just One More Restaurant Corporation's bankruptcy proceeding has on the continuation of this case.

    SO ORDERED.

Dated: February 11, 2025
       New York, New York

                                              GREGORY H. WOODS
                                            United States District Judge