```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
JOY VIDA JONES, ESQ.,                                             :
                                                                  :
                                          Plaintiff,              :     1:23-cv-9920-GHW
                                                                  :
                              -v-                                 :     ORDER
                                                                  :
LANDRY'S, INC., et al.,                                           :
                                                                  :
                                          Defendants.             :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2025

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action on November 9, 2023, alleging claims of employment discrimination and breach of contract. Dkt. No. 1. On August 7, 2024, Defendant Just One More Restaurant Corp. ("Just One More") filed a suggestion of bankruptcy, notifying the Court that Just One More had filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in March of 2019. Dkt. No. 43. Under 11 U.S.C. § 362(a), Just One More's bankruptcy petition automatically "operates as a stay" of this action as against Just One More. *See In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022) ("The Bankruptcy Code's automatic stay provisions, set forth in Section 362, protect bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate.").

The Court held a conference on the record on February 13, 2025 to discuss the effect of the notice of bankruptcy on the pendency of this action as to the remaining defendants: Landry's, Inc. and Palm Management Corp. (together, the "Remaining Defendants"). As discussed during the conference, this case is automatically stayed as to all defendants.

I.      DISCUSSION

An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also*

*Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp., Inc.*, No. 05-cv-5990 (RCC)(JCF), 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006). However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts or when the debtor and non-debtor are so bound by statute or contract that the liability of the non-debtor is imputed to the debtor by operation of law," (internal quotation marks and citations omitted)). "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

Trying the action against the Remaining Defendants is sufficiently likely to have a material effect on Just One More's bankruptcy estate to warrant an extension of the automatic stay at this time. Plaintiff asserts three of her four claims against all the co-defendants, including Just One More, collectively, seeking to hold them jointly and severally liable. Dkt. No. 33, First Amended Complaint, ¶¶ 110–125. Because Just One More may be jointly and severally liable for Plaintiff's claims, the litigation of claims asserted against the Remaining Defendants "will have an immediate

2

adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.3d at 287. That is because, as currently contemplated, a favorable resolution of the plaintiff's claims against the Remaining Defendants will impose liability on Just One More as a joint and several obligor with respect to those liabilities. Just One More's exposure is equivalent to that of a guarantor of the Remaining Defendants' liability. *See id.*; *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14-cv-6974 (PGG), 2016 WL 1276451, at *6 (S.D.N.Y. Mar. 30, 2016) (extending automatic stay to non-debtor defendant where non-debtor defendant's "liability is automatic and co-extensive with [debtor defendant's] liability").

Therefore, this case is automatically stayed. The stay will remain in effect until such a time as the U.S. Bankruptcy Court for the Middle District of Florida lifts the stay as to Just One More or the Remaining Defendants, or such a time as the Court orders the stay lifted as to the Remaining Defendants. Plaintiff is directed to file a letter updating the Court on the status of this case on or about May 13, 2025 and every three months thereafter until the stay is lifted. The parties are welcome to file a letter alerting the Court to any developments in the meantime. The Clerk of Court is directed to note the stay of this case on the docket, to terminate all pending motions, and to adjourn all remaining dates.

SO ORDERED.

Dated: February 13, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3